# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NUMBER 6:12-CR-00059-JDK |
| v. | § |
| | § |
| | § |
| DERRICK TAJUAN BAGLEY (8), | § |
| | § |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

On December 22, 2022, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Derrick Tajuan Bagley. The government was represented by Nathaniel Kummerfeld, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Matt Millslagle, Federal Public Defender.

Defendant originally pled guilty to the offenses of Conspiracy to Possess with Intent to Distribute Cocaine Base, a Class B felony (Count 1) and Use and Carrying a Firearm during and in Relation to a Drug Trafficking Crime, a Class A felony (Count 12). These offenses carried a statutory maximum imprisonment term of 40 years on Count 1 and life on Count 12. The United States Sentencing Guideline range, based on total offense level of 23 and criminal history category of I, was 60 months. On January 31, 2014, District Judge Michael H. Schneider of the Eastern District of Texas sentenced Defendant to 60 months imprisonment on Count 1 and 60 months imprisonment on Count 12 to run consecutively, followed by 4 years of supervised release on each count to run concurrently, subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment

1

fee. On December 2, 2021, Defendant completed his term of imprisonment and began his term of supervision.

Under the terms of supervised release, Defendant was required to refrain from excessive alcohol use and refrain from possessing, using, distributing, or administering any controlled substance or any paraphernalia related to any controlled substance. In Allegation 2 of its petition, the government alleges, among other things, that Defendant violated his conditions of supervised release by admittedly using marijuana on May 6, 2022. The government further alleges that Defendant submitted urine specimens that tested positive for marijuana on May 11, 2022, May 25, 2022, and June 6, 2022.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by using a controlled substance, Defendant will have committed a Grade C violation. U.S.S.G. § 7B1.1(a). Upon the finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2). Considering Defendant's criminal history category of I, the Guideline imprisonment range for a Grade C violation is 3 to 9 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to violating the conditions of supervision by using a controlled substance as outlined above. In exchange, the government agreed to recommend to the court a sentence of five months imprisonment with no supervised release to follow.

The court therefore **RECOMMENDS** that Defendant Derrick Tajuan Bagley's plea of true be accepted and that he be sentenced to five months imprisonment with no supervised release to follow. The court further **RECOMMENDS** that the place of confinement be FMC Fort Worth,

Texas. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 28th day of December, 2022.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE